**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANASTASIA BALASKAS HERDA,** | ) | |
| | ) | **Cause No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CENTENE CORPORATION** | ) | |
| **Serve Registered Agent at:** | ) | **JURY TRIAL DEMANDED** |
| C T Corporation System | ) | |
| 120 South Central Avenue | ) | |
| Suite 400 | ) | |
| Clayton, MO 63105 | ) | |
| Service By: St. Louis County Sheriff Dept. | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Anastasia Balaskas Herda ("Plaintiff"), by and through her undersigned counsel, and for her Complaint against Centene Corporation ("Centene"), states as follows:

## NATURE OF ACTION

1.      This action is brought pursuant to the Pennsylvania Human Relation Act, as amended, 43 Pa.C.S. §§ 951-963, *et seq.* ("PHRA"), the Missouri Human Rights Act, as amended, RSMo. §§ 213.010, *et seq.* ("MHRA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family Medical and Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA") to redress Plaintiff' claims of age discrimination, disability discrimination, and retaliation arising out of

Plaintiff's employment with Centene.

2.     Plaintiff has satisfied all administrative prerequisites to suit.

3.     On or about August 12, 2022,  Plaintiff filed her Charge of Discrimination with both the Pennsylvania Commission on Human Rights (the "PCHR") and the Equal Employment Opportunity Commission (the "EEOC").

4.     This Complaint is timely filed within two (2) years of the date of the last act of discrimination, being March 11, 2022.

5.     This Complaint is further timely filed within ninety (90) days of the date of the issuance by the EEOC of a Notice of Right to Sue, being January 12, 2023.

## JURISDICTION AND VENUE

6.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

7.     Defendant Centene's principal place of business is in Saint Louis County, State of Missouri located at 7700 Forsyth Boulevard in Clayton, MO 63105.

8.     Defendant Centene, is, and was at all times relevant herein, a corporation registered with the Office of the Missouri Secretary of State as a Foreign For-Profit Business.

9.     The Court has jurisdiction over this action because conduct alleged throughout this Complaint and giving rise to Plaintiff's cause of action occurred in Saint Louis County, State of Missouri.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 42 U.S.C. § 2000e–5(f)(3), and 28 U.S.C. § 1391(b).

## PARTIES

11.     Plaintiff Anastasia Balaskas Herda is a Female who at relevant times hereunder resided in St. Louis County, State of Missouri and Northhampton County, State of Pennsylvania.

12.     Additionally, Plaintiff has a Disability known to Defendant.

13.     Additionally, Plaintiff is and was an individual who at all relevant times hereunder was 40 years of age or older.

14.     At all pertinent times hereto, Defendant Centene, was an "employer" as defined by the PHRA, for all actions herein, in that Defendant Centene employs six (6) persons or more in the State of Missouri, is incorporated, organized, and existing under the laws of the State of Delaware which is registered as a Foreign For-Profit Business doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, C T Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

15.     At all pertinent times hereto, Defendant Centene, was an "employer" as defined by the MHRA, for all actions herein, in that Defendant Centene employs six (6) persons or more in the State of Missouri, is incorporated, organized, and existing under the laws of the State of Delaware which is registered as a Foreign For-Profit Business doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, C T Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

16.     At all pertinent times hereto, Defendant Centene, was an "employer" as defined by Title VII of the Civil Rights Act of 1964, as amended, for all actions herein, in that Defendant Centene employs fifteen (15) persons or more in the State of Missouri, is incorporated, organized, and existing under the laws of the State of Delaware which is registered as a Foreign

3

For-Profit Business doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, C T Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

17.     At all pertinent times hereto, Defendant Centene, was an "employer" as defined by Title I of the Americans with Disabilities Act of 1990, as amended, for all actions herein, in that Defendant Centene employs fifteen (15) persons or more in the State of Missouri, is incorporated, organized, and existing under the laws of the State of Delaware which is registered as a Foreign For-Profit Business doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, C T Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

18.     At all pertinent times hereto, Defendant Centene, was an "employer" as defined by Title I of the Family Medical and Leave Act of 1993, as amended, for all actions herein, in that Defendant Centene employs fifty (50) persons or more in the State of Missouri, is incorporated, organized, and existing under the laws of the State of Delaware which is registered as a Foreign For-Profit Business doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, C T Corporation System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

19.     At all pertinent times hereto, Defendant Centene, was an "employer" as defined by the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, for all actions herein, in that Defendant Centene employs twenty (20) persons or more in the State of Missouri, is a For Profit Business incorporated, organized, and existing under the laws of the State of Delaware which is registered as a Foreign For Profit Business doing business in Saint Louis County, Missouri, and may be served by and through its Registered Agent, C T Corporation

System, located at 120 South Central Avenue, Suite 400, Clayton, Missouri 63105.

## FACTS RELEVANT TO ALL COUNTS

20.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

21.     On or about September 12, 2016, Plaintiff was hired by Centene as a Special Investigations Unit Investigator.

22.     At relevant times herein, Plaintiff was earning approximately $62,200.00, Full Time with full benefits, plus annual bonuses.

23.     At all times relevant herein, Plaintiff's direct supervisor was Manager John Bowman.

24.     On or about May 5, 2020, Plaintiff suffered a medical condition which caused her to that leave.

25.     On or about May 22, 2020, Plaintiff was admitted to the hospital in relation to the above-mentioned medical condition.

26.     On or about June 1, 2020, Plaintiff was diagnosed with a disability as defined by the ADA.

27.     On or about June 1, 2020, after receiving her disability diagnosis Plaintiff notified the Defendant by and through its Manager John Bowman.

28.     As a result of her above-mentioned hospitalization and subsequent disability diagnosis, Plaintiff exercised her FMLA rights by taking leave in order to seek treatment for her condition.

29.     On or about August 31, 2020, Plaintiff returned to work without restrictions.

30.     As an employee of Defendant, Plaintiff received annual reviews on her work performance and quality of work.

31.     Plaintiff received an annual review in 2020.

32.     Plaintiff's 2020 annual review results were positive and without negative scores.

33.     Plaintiff received an annual review in 2021.

34.     Plaintiff's 2021 annual review results were positive and without negative scores.

35.     On or about December 2021, Respondent was placed on a 90-Day Performance Improvement Plan ("PIP") allegedly due to "poor work performance".

36.     On March 11, 2022, prior to the expiration of the above-mentioned 90-Day PIP Defendant wrongfully terminated Plaintiff again allegedly for "poor work performance".

37.     Defendant's purported reasons for placing Plaintiff on the above-mentioned PIP and for later terminating Plaintiff were not based in fact.

38.     Defendant's purported reasons for placing Plaintiff on the above-mentioned PIP and for later terminating Plaintiff were pretextual in nature.

39.     Defendant's placing Plaintiff on the above-mentioned PIP was done as retaliation against Plaintiff for her exercising of her FMLA rights.

40.     Defendant's subsequent termination of Plaintiff was done as retaliation against Plaintiff for her exercising of her FMLA rights.

41.     Upon information and belief, Defendant was placing older employees on PIPs on the basis of pretextual reasons for "poor performance" in order to justify their subsequent termination of the same older employees.

42.     These older employees were members of a protected class in that each was 40 years of age or older.

43.     Upon information and belief, around the same time period as Plaintiff's termination Defendant terminated Centene employee Bruce O'Connell, age 60, because of his age.

44.     Upon information and belief, around the same time period as Plaintiff's termination Defendant terminated Centene employee Beverly Ford, age 53, because of her age and her disability.

45.     Beginning on or about December 2021, and on a continuing basis thereafter, Plaintiff was continually subjected to discrimination from her superiors and others on the basis of her age and disability in the form of placing Plaintiff on a Performance Improvement Plan and terminating Plaintiff's employment.

46.     Prior to Plaintiff's termination, Defendant gave Plaintiff certain representations that she would be returning to the office in April of 2021.

47.     Defendant, while giving Plaintiff these above-mentioned representations, did so knowing that Plaintiff would be terminated.

48.     Defendant, while giving Plaintiff these above-mentioned representations, knew that Plaintiff would be relying on Defendant's representations in connection with Plaintiff's renewal of a lease for an apartment in the St. Louis, Missouri area.

49.     Plaintiff, relying on Defendant's above-mentioned representations entered into a new 12-Month lease on her St. Louis, Missouri area apartment.

50.     Plaintiff is a Female with a disability known to her employer.

51.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained, and will continue to sustain, lost wages and benefits.

52.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, emotional distress.

53.     As a direct and proximate result of Defendant's actions, Plaintiff has incurred, and will continue to incur, attorneys' fees and costs of litigation.

54.    The actions of Defendant, by and through its supervisors, were outrageous because of Defendants' evil motive or reckless indifference to the rights of others, and an award of  punitive damages against Defendant is warranted in order to punish Defendant, and to deter others from like conduct.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT I
### AGE DISCRIMINATION IN VIOLATION OF THE
### OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

55.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

56.     As an individual with a disability, Plaintiff is a member of a class protected by The Age Discrimination in Employment Act of 1967, as amended.

57.     Plaintiff suffered an adverse employment action when she was placed

8

on a Performance Improvement Plan and subsequently terminated because of her disability as described  more fully in paragraphs 20-54.

58.     Any purported reasons that Defendant Centene might offer for these actions is nothing but pretext to conceal Defendant Centene's illegal discrimination against Plaintiff.

59.     Plaintiff's status as a member of a protected class was a motivating factor in that discrimination.

60.     All actions or inactions of or by Defendant Centene occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

61.     Plaintiff's disability was a motivating factor in such behavior as above-described.

62.     Defendant Centene's actions constitute an unlawful employment practice and violation of Plaintiff's rights under the Age Discrimination in Employment Act of 1967, as secured by 42 U.S.C. §§ 12101 *et seq.*

63.     As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest,

plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT II
## RETALIATION DISCRIMINATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

64.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

65.     As an individual who is a member of a class protected by the Age Discrimination in Employment Act of 1967, as amended.

66.     Plaintiff suffered an adverse employment action when she was placed on a Performance Improvement Plan because of her disability as described more fully in paragraphs 20-54.

67.     Any purported reasons that Defendant Centene might offer for these actions is nothing but pretext to conceal Defendant Centene's illegal discrimination against Plaintiff.

68.     Plaintiff's status as a member of a protected class was a motivating factor in that discrimination.

69.     All actions or inactions of or by Defendant Centene occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

70.     Plaintiff's disability was a motivating factor in such behavior as above-described.

71.     Defendant Centene's actions constitute an unlawful employment

10

practice and violation of Plaintiff's rights under the Age Discrimination in Employment Act, as secured by 29 U.S.C. § 621 *et seq*.

72.     As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE
## TITLE I OF THE AMERICANS WITH DISABILITY ACT

73.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

74.     Plaintiff has a disability as defined by the Americans with Disabilities Act of 1990, as amended.

75.     Plaintiff is a member of a class protected by the Americans with Disabilities Act of 1990, as amended.

76.     Plaintiff suffered an adverse employment action when she was refused promotions and transfer requests because of her disability as described more fully in paragraphs 20-54.

77.     Any purported reasons that Defendant Centene might offer for these actions is nothing but pretext to conceal Defendant Centene's illegal discrimination against Plaintiff.

78.     Plaintiff's status as a member of a protected class was a motivating factor in that discrimination.

79.     All actions or inactions of or by Defendant Centene occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

80.     Plaintiff's disability was a motivating factor in such behavior as above-described.

81.     Defendant Centene's actions constitute an unlawful employment practice and violation of Plaintiff's rights under Title I, as secured by 42 U.S.C. §§ 12101 *et seq.*

82.     As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT IV**
**RETALIATION DISCRIMINATION IN VIOLATION OF**
**TITLE V OF THE AMERICANS WITH DISABILITY ACT**

83.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

84.     Plaintiff as an individual is a member of a class protected by The Americans with Disability Act of 1990, as amended.

85.     Plaintiff suffered an adverse employment action when she was placed on a Performance Improvement Plan because of her disability as described more fully in paragraphs 20-54.

86.     Any purported reasons that Defendant Centene might offer for these actions is nothing but pretext to conceal Defendant Centene's illegal discrimination against Plaintiff.

87.     Plaintiff' status as a member of a protected class was a motivating factor in that discrimination.

88.     All actions or inactions of or by Defendant Centene occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

89.     Plaintiff's disability was a motivating factor in such behavior as above-described.

90.     Defendant Centene's actions constitute an unlawful employment practice and violation of Plaintiff's rights under The Americans with Disability Act, as secured by 42 U.S.C. §§ 12101 *et seq.*

91.     As a direct and proximate result of the acts of Defendant Centene as alleged

herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT V
### AGE DISCRIMINATION IN VIOLATION OF THE
### PENNSYLVANIA HUMAN RELATION ACT

92.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

93.     As an individual who identifies as an individual , Plaintiff is a member of a class protected by 43 Pa.C.S. §§ 951-963.

94.     Defendant placed Plaintiff on a Performance Improvement Plan.

95.     The reason given by Defendant for placement of Plaintiff on a Performance Improvement Plan was pretextual in nature.

96.     Defendant terminated Plaintiff.

97.     Plaintiff's status as a member of a protected class was a motivating factor in that discrimination.

98.     As a direct and proximate result of the acts of Defendant Centene as alleged

herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT VI
## DISABILITY DISCRIMINATION IN VIOLATION OF THE
## PENNSYLVANIA HUMAN RELATION ACT

99.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

100.     Plaintiff has a physical impairment of record that substantially limits one or more of Plaintiff's life activities.

101.     As an individual with a disability, Plaintiff is a member of a class protected by 43 Pa.C.S. §§ 951-963.

102.     Plaintiff's impairment did not interfere with performing her job.

103.     Plaintiff exercised her rights under the Pennsylvania Human Relation Act.

104.     Defendant punished Plaintiff for exercising her rights a disabled individual.

105.     Plaintiff's disability was a motivating factor in Defendant's decision to punish Plaintiff for taking the necessary medical precautions after she was hospitalized and subsequently diagnosed with a disability.

106.    As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation,

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

**COUNT VII**
**RETALIATION IN VIOLATION OF THE**
**PENNSYLVANIA HUMAN RELATION ACT**

107.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

108.    As an individual with a disability, Plaintiff is a member of a class protected by 43 Pa.C.S. §§ 951-963.

109.    Plaintiff exercised her rights as an individual with a disability.

110.    Defendant placed Plaintiff on a Performance Improvement Plan.

111.    The reason given by Defendant for placement of Plaintiff on a Performance Improvement Plan was pretextual in nature.

112.    Defendant terminated Plaintiff.

113.    Plaintiff's exercising her rights as a member of a protected class was a motivating factor in that discrimination.

16

114.     As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT VIII
## RETALIATION IN VIOLATION OF THE
## FAMILY AND MEDICAL LEAVE ACT

115.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

116.     Plaintiff has a disability as defined by the Family and Medical Leave Act of 1993, as amended.

117.     Plaintiff was entitled to FMLA leave due to her disability.

118.     Plaintiff exercised her rights under FMLA, by taking leave.

119.     Plaintiff's use of her FMLA leave was an activity protected by FMLA.

120.     Defendant Centene took actions that a reasonable employee would have found materially adverse.

121.     There exists a causal connection between the protected activity and the adverse actions.

17

122.     All actions or inactions of or by Defendant Centene occurred by or through its agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

123.     Defendant Centene's actions constitute an act of retaliation in violation of Plaintiff's rights under FMLA.

124.     As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT IX
### AGE DISCRIMINATION IN VIOLATION OF THE
### MISSOURI HUMAN RIGHTS ACT

125.     Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

126.     As an individual who identifies as an individual , Plaintiff is a member of a class protected under RSMo § 213.010 *et seq*.

127.     Defendant placed Plaintiff on a Performance Improvement Plan.

128.     The reason given by Defendant for placement of Plaintiff on a Performance

Improvement Plan was pretextual in nature.

129.    Defendant terminated Plaintiff.

130.    Plaintiff's status as a member of a protected class was a motivating factor in that discrimination.

131.    As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT X
### DISABILITY DISCRIMINATION IN VIOLATION OF THE
### MISSOURI HUMAN RIGHTS ACT

132.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

133.    Plaintiff has a physical impairment of record that substantially limits one or more of Plaintiff's life activities.

134.    As an individual with a disability, Plaintiff is a member of a class protected under RSMo § 213.010 *et seq*.

135.    Plaintiff's impairment did not interfere with performing her job.

19

136.    Plaintiff exercised her rights under the Pennsylvania Human Relation Act.

137.    Defendant punished Plaintiff for exercising her rights a disabled individual.

138.    Plaintiff's disability was a motivating factor in Defendant's decision to punish Plaintiff for taking the necessary medical precautions after she was hospitalized and subsequently diagnosed with a disability.

139.    As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff have suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation,

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT XI
## RETALIATION IN VIOLATION OF THE
## MISSOURI HUMAN RIGHTS ACT

140.    Plaintiff realleges and incorporates herein by reference each and every of the preceding allegations of this Complaint as if fully set forth herein.

141.    As an individual with a disability, Plaintiff is a member of a class protected under RSMo § 213.010 *et seq*.

142.    Plaintiff exercised her rights as an individual with a disability.

143.    Defendant placed Plaintiff on a Performance Improvement Plan.

20

144.     The reason given by Defendant for placement of Plaintiff on a Performance Improvement Plan was pretextual in nature.

145.     Defendant terminated Plaintiff.

146.     Plaintiff's exercising her rights as a member of a protected class was a motivating factor in that discrimination.

147.     As a direct and proximate result of the acts of Defendant Centene as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

WHEREFORE, Plaintiff, Ms. Anastasia Balaskas Herda, respectfully requests judgment in her favor against Defendant Centene for pain and suffering and compensatory and punitive damages in an amount in excess of $75,000.00, together with pre- and post-judgment interest, plus costs of this action, reimbursement of back pay with interest, emotional distress, pain and suffering, reinstatement and/or front pay, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

Respectfully Submitted,

By: */s/ Anthony S. Bretz*_____
Anthony S. Bretz, #61075
BRETZ LEGAL, LLC
222 S. Central Ave., Ste. 1004
Clayton, MO 63105
Phone: (314) 730-0394
Fax: (314) 785-6500
Email: tbretz@bretzlegal.com
*Counsel For Plaintiff*