**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANASTASIA BALASKAS HERDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:23-CV-461 RLW |
| | ) |
| CENTENE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Centene Corporation's ("Centene") Motion to Dismiss.  (ECF No. 22).  For the reasons set forth below, the Court will grant in part and deny in part Defendant's Motion.

**Background**

On April 12, 2023, Plaintiff Anastasia Balaskas Herda filed suit against Defendant, her former employer, asserting various claims of age and disability discrimination.  (ECF No. 1).  In Plaintiff's First Amended Complaint (the "Complaint"), she alleges the following.  (ECF No. 21).

Plaintiff was hired by Defendant in September 2016 as a Special Investigations Unit Investigator.  (*Id.* at 4, ¶ 22).  At that time, Plaintiff was approximately 53 years old, and she met the "applicable job qualifications of her position."  (*Id.* at 3-4, ¶¶ 13, 24).  On or about May 22, 2020, Plaintiff suffered a "medical incident," for which she was admitted to the hospital and took leave under the Family Medical and Leave Act (the "FMLA").  (*Id.* at 5, ¶ 26).  On June 1, 2020, Plaintiff was diagnosed with lung cancer.  Plaintiff notified her direct supervisor of her diagnosis, and she took additional FMLA leave in order to seek treatment.  Plaintiff's lung cancer "was a physical impairment," which "affected her life by substantially limiting what she could do while she sought treatment."  (*Id.* at 5, ¶¶ 25-32).  On or about August 31, 2020, Plaintiff returned to

work without restrictions.   (*Id.* at 5, ¶ 33).

While employed by Defendant, Plaintiff received annual performance reviews.   Plaintiff's 2020 and 2021 annual reviews were "positive and without negative scores."   (*Id.* at 6, ¶¶ 34-38). In December 2021, Plaintiff was placed on a 90-Day Performance Improvement Plan ("PIP"), the cited reason for which was "poor work performance."   (*Id.* at 6, ¶ 39).   On March 11, 2022, prior to the expiration of the PIP, Defendant terminated Plaintiff's employment, again citing "poor work performance."   (*Id.* at 6 ¶ 40).   Around the time of Plaintiff's termination, Defendant terminated two other employees, similarly citing "poor performance":   Bruce O'Connell, who at the time was 60 years old, and Beverly Ford, who at the time was 53 years old.   (*Id.* at 7, ¶¶ 48-52).   Defendant hired a "significantly younger" individual to replace Plaintiff.   (*Id.* at 7, ¶ 53).   According to Plaintiff, Defendant's "purported reasons" for placing her on the above-mentioned PIP and for later terminating her employment were "not based in fact" and were "pretextual in nature." Plaintiff further contends that Defendant placed her on a PIP in "retaliation" for her exercising her rights under the FMLA.   (*Id.* at 6, ¶¶ 41-43).

Plaintiff asserts claims of age discrimination, in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act (the "PHRA"), 43 P.S. § 951 *et seq.*; disability discrimination in violation of Title I of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and the PHRA; and interference in violation of the FMLA, 29 U.S.C. § 2601 *et seq.* (ECF No. 21 at 9-15).

Defendant now moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), on the basis that Plaintiff has failed to state a claim.   Defendant argues Plaintiff's claims for age discrimination fail because she does not allege facts showing that her placement on the PIP and subsequent termination were a mere pretext for discrimination, or that her age was the but-for cause of the alleged adverse actions.   Defendant further argues Plaintiff's disability claims fail

because she does not allege facts showing that her lung cancer is a long-term impairment which substantially limits a major life activity (i.e., that it is a disability within the meaning of the ADA), or that adverse action was taken against her because of this alleged disability.   Defendant contends that Plaintiff instead received favorable treatment following her cancer diagnosis, pointing to her positive performance reviews in 2020 and 2021.   Finally, Defendant argues that Plaintiff does not allege any facts showing Defendant denied, or exhibited discriminatory animus toward, her use of FMLA leave.   (ECF No. 23).

In response, Plaintiff contends her allegations adequately plead age discrimination. Plaintiff argues that her positive performance evaluations show she was qualified for her position. She further argues that her placement on a PIP for "poor work performance" following a positive performance review that same year, coupled with the termination of Mr. O'Connell and Ms. Ford around the same time, raise a reasonable inference of discrimination.   As to her disability discrimination claims, Plaintiff argues that her cancer, while in remission, is a covered disability under the ADA.   Finally, with respect to her FLMA interference claim, Plaintiff argues that Defendant "discouraged [her] from using her FMLA when it placed her on a PIP."   (ECF No. 24.)

## Legal Standard

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint.   A complaint must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The court must assume the veracity of well-pleaded facts but need not accept as true "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'"   *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).   While Federal Rule of Civil Procedure 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.*

## Discussion

### A.  Counts I and III – Age Discrimination

The ADEA makes it "unlawful for an employer…to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age."   29 U.S.C. § 623(a).   Persons aged forty and over are protected by the ADEA.   29 U.S.C. § 631(a).   To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show: (1) she is over forty; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorably.   *See Anderson v. Durham D&M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).   In discriminatory discharge cases, the last prong of the prima facie case is established by demonstrating that the plaintiff was replaced by a substantially younger individual.   *Id.*   The PHRA follows an identical analysis with respect to age discrimination claims.   *See Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (The PHRA "is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently") (quotation omitted).

"The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint."   *See Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quotation omitted).   However, "elements of a prima facie case are [not] irrelevant to a plausibility determination in a discrimination suit."   *Id.*   "Instead, such

elements are part of the background against which a plausibility determination should be made." *Id.*

Plaintiff alleges that at all pertinent times she was in the protected category of over forty-years old.   Plaintiff also alleges that she met the "applicable job qualifications of her position," pointing to her positive performance reviews in 2020 and 2021.   Plaintiff further alleges that in 2021, following a positive performance review with no negative comments, she was placed on a PIP and subsequently terminated for purported "poor performance," as were at least two other Centene employees over the age of 40.   Plaintiff claims Defendant's stated reasons for the adverse employment actions were not based in fact and were pretextual in nature.   Finally, Plaintiff alleges that a significantly younger employee replaced her.   The Court finds that Plaintiff's allegations are sufficient at this stage to state claims of age discrimination under the ADEA and the PHRA, and to overcome Defendant's Motion to Dismiss.

**B.  Counts II and IV – Disability Discrimination**

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability."  42 U.S.C. § 12112(a).  To establish a prima facie case of discrimination under the ADA, a plaintiff must show (1) she is disabled within the meaning of the ADA, (2) she is a qualified individual under the ADA, and (3) she has suffered an adverse employment action because of her disability.  *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013).  The PHRA follows an identical analysis with respect to disability discrimination claims.  *See Burton*, 707 F.3d at 432; *Buskirk v. Apollo Metals*, 307 F.3d 160, 166 n.1 (3d Cir. 2002) (PHRA is generally interpreted in accord with ADA).

Plaintiff's Complaint does not allege the prognosis of her lung cancer beyond August 2020, at which time she returned to work without restrictions.   The Court will assume that Plaintiff's cancer is in remission, and that it is a disability within the meaning of the ADA.   *See* 42 U.S.C. §

12102(4)(D) ("An impairment that is…in remission is a disability if it would substantially limit a major life activity when active"); *Oehmke v. Medtronic, Inc.*, Inc., 844 F.3d 748, 756 (8th Cir. 2016) (plaintiff's cancer, while in remission, constituted disability under ADA).

The Complaint allegations here, however, do not raise a reasonable inference that Plaintiff was placed on the PIP and subsequently terminated because of her alleged disability. On the contrary, the Complaint allegations show that following Plaintiff's diagnosis and treatment for lung cancer, she returned to work without restrictions and received positive performance reviews for two consecutive years. The Complaint makes no mention of Plaintiff needing any accommodations from Defendant beyond 2020, and it contains no insight into why Plaintiff believes she was discriminated against on the basis of her disability. *See Hamilton v. Palm.*, 621 F.3d 816, 817-18 (8th Cir. 2010) ("A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice") (quotations omitted); *cf. EEOC v. Prod. Fabricators, Inc.*, 763 F.3d 963, 970 (8th Cir. 2014) (finding employer's year-long accommodation of employee's shoulder injury negated causal connection). Plaintiff has therefore failed to state a claim of disability discrimination.

**C.  Count V – FMLA Interference**

Under the FMLA, an employer may not interfere with the exercise of or the attempt to exercise any right provided by the statute. 29 U.S.C. § 2615(a)(1). To establish a claim of interference under the FMLA, a plaintiff must show that (1) she was eligible for FMLA leave; (2) the defendant was on notice of the plaintiff's need for FMLA leave; and (3) the defendant denied the plaintiff benefits to which she was entitled under the FMLA. *Hasenwinkel v. Mosaic*, 809 F.3d 427, 432 (8th Cir. 2015). An interference claim may arise when an employer takes adverse action against an employee because the employee exercised rights to which she is entitled under the FMLA. *See*

6

*Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005-06 (8th Cir. 2012) (recognizing three different types of interference claims under the FMLA).   "In this scenario, the employer does not prevent the employee from receiving FMLA benefits…[r]ather, it is alleged that after the employee exercised [her] statutory rights, the employer discriminated against [her] in the terms and conditions of employment."  *Id.* at 1006.

Plaintiff does not assert that Defendant denied her FMLA leave; rather, Plaintiff contends that Defendant placed her on a PIP in "retaliation" for her use of FMLA leave, and in an effort to discourage her further use such leave.   The Complaint alleges that Plaintiff took FMLA leave in June of 2020 to seek treatment for her lung cancer.   She returned from leave around August 31, 2020, without restrictions, and there is nothing in the Complaint to suggest she sought FMLA leave any time thereafter.   Plaintiff received positive performance evaluations in 2020 and 2021.   In December 2021, Defendant placed Plaintiff on a PIP.   The Court finds that Plaintiff has failed to allege sufficient facts to support an inference of causation between her use of FMLA leave from June through August of 2020 and Defendant's placement of her on a PIP in December 2021. Plaintiff has not alleged any facts beyond the occurrence of the two events, which were well over a year apart.   *See Ebersole v. Novo Nordisk, Inc.*, 758 F.3d 917, 925 (8th Cir. 2014) (temporal proximity must be extremely close to establish causal connection without other evidence of discriminatory animus; one-month or two-month lag is too long absent other evidence).   Plaintiff has therefore failed to state a claim of interference under the FMLA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [ECF No. 22] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's claims of disability discrimination under the ADEA and the PHRA, and her claim of interference under the FMLA, as set forth, respectively,

in Counts II, IV, and V, are **DISMISSED without prejudice**.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNIED STATES DISTRICT JUDGE**


Dated this  _5th_  day of January, 2024.